IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**CITY OF SANTA FE**,

       Plaintiff,

v.

                                   No.6:07-CV-00571-BB-RHS

**TRAVELERS CASUALTY & SURETY
COMPANY, and
LONE MOUNTAIN CONTRACTING,
INC.**,

       Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff City of Santa Fe's ("City") July 3, 2007 Motion to Remand [Doc. 6]. Having reviewed the submissions of the parties and the relevant law, the Court finds that Plaintiff's motion should be **GRANTED**.

## I. BACKGROUND

In 2002 the City of Santa Fe ("City") initiated a project to rehabilitate an existing water storage tank to reduce leakage from the tank (the "Project"). The City retained Lone Mountain Construction ("Lone Mountain"), a Nevada corporation with its principal place of business in New Mexico, as the general contractor for the project. Pursuant to the requirements of the New Mexico Little Miller Act, N.M.S.A. 1978 §13-4-18, Lone Mountain provided the City with a performance bond issued by Travelers Casualty and Surety Company ("Travelers"). The City, believing that the work done by Lone Mountain on the project was defective[1], attempted to

---

[1] The City maintains that the water tank in question now leaks more than it did prior to Lone Mountain's work on the project.

recover on the performance bond from Travelers. Travelers, however, maintained that it was not liable under the bond due to a two-year limitations period in the bond.

The City brought this action in May, 2007 in the First Judicial District Court of New Mexico, seeking declaratory relief against both Lone Mountain and Travelers, requesting that the court declare the two-year limitation in the bond unenforceable based on various policy considerations of New Mexico law. Travelers filed a notice of removal based on diversity jurisdiction, alleging that Lone Mountain was joined exclusively to defeat diversity jurisdiction. The City subsequently filed this motion to remand.

## II. LEGAL ANALYSIS

*A. Removal Jurisdiction*

A defendant may remove an action filed in state court to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. §1441(a). Pursuant to 28 U.S.C. §1332(a) a district court has original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the parties are of diverse citizenship. For the federal court to have jurisdiction, diversity must be complete; thus "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005). The diversity of citizenship requirement is not currently met and Travelers does not contest that Lone Mountain is a citizen of New Mexico. However, Travelers claims that the City fraudulently joined Lone Mountain to the original state declaratory action.

*B. Fraudulent Joinder*

The right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (internal citations omitted). Where the court finds "fraudulent" or "improper" joinder, the

district court may deny the motion to remand and uphold diversity jurisdiction. *See Smoot v. Chicago, R. I. & P. R. Co.,* 378 F.2d 879, 881-82 (10th Cir. 1967)

      While the term "fraudulent joinder" implies bad faith on the part of the plaintiff no such bad faith must necessarily be alleged.[2] Rather, the Tenth Circuit has stated that "[t]o prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indemnity*, 211 F.3d 1278 (unpublished), No. 99-2225, 2000 WL 525592 at *2 (10th Cir., April 14, 2000)[3] (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).[4]

---

[2] The Fifth Circuit has actually formally adopted the term "improper joinder," rather than "fraudulent joinder." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (adopting the term improper joinder and noting that while there is no difference between improper and fraudulent joinder, improper is more in line with the statutory language).

[3] Pursuant to 10th Cir. R. 32.1 unpublished opinions may be cited for their persuasive, though not precedential value. As the Tenth Circuit has not established the relevant standard by which to review a fraudulent joinder claim in a published opinion this Court may rely on the persuasive value of this unpublished opinion.

[4] There is a circuit split in the language used for the fraudulent joinder inquiry. The Fifth, Fourth, and Eleventh Circuits have adopted a two-pronged approach to the inquiry, finding fraudulent or improper joinder where there is (1) actual fraud in the pleadings; or (2) an inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *See Smallwood*, 385 F.3d at 573; *Hartley v. CSX Transp., Inc.*,187 F.3d 422, 424 (4th Cir. 1999) ("[t]o show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."); *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) ("[i]n order to sustain a fraudulent joinder, a state court must find either that there was no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to subject that resident defendant to the jurisdiction of the state court."); *see also* 1-8 Moore's Manual, Federal Practice and Procedure § 8.2 (2007) (adopting the two-pronged approach as the standard for the determination of fraudulent joinder). The Sixth and Eighth Circuits in contrast have adopted a single-prong inquiry, evaluating only whether the removing party has established a state cause of action against the purportedly fraudulently-joined defendant. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (omitting actual fraud prong of test and stating that to prove fraudulent joinder removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state

The defendant bears the burden of showing fraudulent joinder. *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). In evaluating the fraudulent joinder claim the court may pierce the pleadings, *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 154 (1914), consider the entire record, and determine the basis for joinder by any means available. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). The court must resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party and at that point determine whether there is any possibility of recovery against the party whose joinder is questioned. *Montano*, No. 99-2225, 2000 WL 525592 at *2 (noting that this standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)( "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.") (cited approvingly by *Montano,* No. 99-2225, 2000 WL 525592 at *2).

Thus if any one of the claims against Lone Mountain is possibly viable the court must remand. *Montano,* No. 99-2225, 2000 WL 525592 at *2. *See also*, *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956) ("[f]raudulent joinder, like any other allegation of fraud, must be pleaded with particularity and proven with certainty.")

---

law); *Wiles v. Capitol Indemnity Corp*., 280 F.3d 868, 871 (8th Cir. 2002) ("[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.") While there is a split in terms of language used to define the standard, the first prong of the two-pronged approach basically requires a showing that plaintiff lied in the pleadings, thus it would appear that despite the linguistic differences the tests are very similar. These similarities notwithstanding, it appears from *Montano* that the Tenth Circuit intends to adopt the linguistic formulation applied in the Sixth and Eighth Circuits (the single-pronged approach) rather than the two-pronged test enunciated by the Fifth, Eleventh, and Fourth Circuits. *See Montano,* No. 99-2225, 2000 WL 525592 at *2; *Cf. Nance v. Certain Underwriters at Lloyds, London, Subscribing to Policy Number 501/NB03ACMD,* 393 F.Supp.2d 1115, 1120 (D.N.M. 2005) (applying the two-pronged approach enunciated in Moore's Manual, Federal Practice and Procedure as the standard for determining fraudulent joinder).

*C. Underlying State Declaratory Judgment*

The underlying state action in the case before the court is a declaratory judgment regarding Travelers liability on the performance bond. [City's Motion to Remand, 2]. The distinct features of the declaratory judgment justify a standard vesting District Courts with greater discretion in exercising jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)*; St. Paul Fire and Marine Ins. Co. V. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995). To establish fraudulent joinder under the standard enunciated by the Tenth Circuit in *Montano* Travelers must establish that there was no possibility that the City could join Lone Mountain to the declaratory judgment under New Mexico law. Under the New Mexico Declaratory Judgment Act, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." N.M.S.A. 1978, § 44-6-12.[5]

The performance bond is itself a contract, and therefore subject to the law of contracts. *L & A Contracting Co. v. Southern Concrete Services, Inc.* 17 F.3d 106, 109 (5th Cir. 1994); *see also*, Restatement (Third) of Suretyship & Guaranty § 5, 6 (1996) (law of contracts applicable to transactions resulting in suretyship status). The tripartite contractual relationship in surety is a complex area of the law, and one in which the independence and interdependence of the contracting parties must account for innumerable cross currents. *See,* Peter A. Alces, *An Essay on Independence, Interdependence, and the Suretyship Principle*, 1993 U. Ill. L. Rev. 447, 447-50 (1993) (discussing the complexities of suretyship status and transactions and finding that the

---

[5]This rule is distinct from the Federal Declaratory Judgment act which applies Federal Rule of Civil Procedure 20(a) to the determination of whether parties are properly before the court in a declaratory judgment. *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 294 (10th Cir. 1975) (general principles of party joinder control in federal declaratory judgment action); Fed. R. Civ. P. 20 (a) ("[a]ll persons...may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.") *See also,* Rosemary Gregor, Margaret Hoag, William Lindsley, 22A Am. Jur. 2d *Declaratory Judgments* § 215 (equitable nature of declaratory judgment permits liberal joinder of defendants).

contractual independence-interdependence conflict is insoluble).  The Court does not have to elucidate the precise nature of Lone Mountain's interest, however, but merely has to determine whether Travelers has shown that there is no possibility that Lone Mountain has any interest in the action under New Mexico law.

The City, Travelers Insurance, and Lone Mountain each signed the performance bond, by which Travelers Insurance became jointly and severally liable on the underlying contract with Lone Mountain. [Performance Bond, ¶1]. In the underlying action, the City seeks a declaratory judgment that a two-year limitations period of the bond is unenforceable. [City's Motion to Remand, 2].  Should a court find the two-year period enforceable the performance bond contract would essentially be null and void as to Travelers.  Under New Mexico law, where parties are jointly and severally liable on a contract, "suit may be brought and prosecuted against any one or more of the parties liable thereon..." N.M.S.A. 1978 § 38-4-3.  While New Mexico has not yet applied this principle to performance bonds, a Texas court faced with this exact scenario determined that the assumption of joint and several liability by the surety and principal obligor in the performance bond meant that both were proper parties before the court in a state declaratory judgment. *Great American Ins. Co. v. Sharpstown State Bank*, 422 S.W. 2d 787, 791 (Tex. Civ. App. 1967).

The assumption of joint and several liability by both parties on the performance bond, and the potential that a declaratory judgment may declare the tripartite contract null and void as to one of the three signatory parties, are sufficient to establish a potential interest by Lone Mountain such that Lone Mountain would be a proper party in the underlying state declaratory judgment action.  As such the joinder of Lone Mountain by the City did not rise to the level of fraudulent joinder and Lone Mountain's presence in the action destroys diversity of citizenship.  The Court thus never had subject matter jurisdiction over the matter and it must be remanded to state court. 28 U.S.C. §1447(c).

                                                                         BRUCE D. BLACK
                                                                         United States District Judge